**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL COLLEGIATE CAMPUS 4095 Minnesota Avenue, NE Washington, D.C. 20019 | : : : : : : | |
| Plaintiff | : : | |
| v. | : : | **CIVIL ACTION NO.** |
| MARIAN MURPHY, as next friend of the minor child, D.M. and D.M., individually 5019 11th Street, N.E., Washington, D.C. 20017 | : : : : : : : | |
| AND | : : | |
| THE GOVERNMENT OF THE DISTRICT OF COLUMBIA 441 Fourth Street, N.W. Washington, DC 20001 | : : : : : | |
| Serve: | : : | |
| Robert Spanoletti, Attorney General District of Columbia 441 4th Street, N.W. Washington, DC 20001 | : : : : : : | |
| and | : : | |
| Mayor Anthony Williams Office of the Secretary 1350 Pennsylvania Avenue, N.W. Washington, DC 20004 | : : : : : | |
| Defendants | : | |

## **COMPLAINT**

## JURISDICTION

1. Jurisdiction of this Court is found in 28 U.S.C. §1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415, *et seq.*, (herein IDEA), and from the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446, as an appeal of a hearing officer's determination which was filed pursuant to IDEA, P.L. 101-476, as amended by P.L. 105-17.

2. Plaintiff is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA) under IDEA, for special education issues.

3. Defendant and her minor child are currently residents of the District of Columbia and claimed D.C. residency for all or part of the time during the underlying administrative proceedings.

4. Defendant Government of the District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA.

## FACTS

5. D.W. is a sixteen year-old, special education student who attended Friendship Edison (Edison) during the 2004-2005 school year.

6. The student came to Friendship Edison as a student eligible to receive special education services as a student with a learning disability.

7. During the 2004-2005 school year the student was placed at High Roads

Academy, a private special education school, as the result of a hearing officer's determination dated March 16, 2005.

8. On June 30, 2005, the parent filed a hearing request against DCPS, Edison and Ideal Public Charter School. The parent claimed that while the student attended Edison, Edison did not provide the services listed in the student's IEP.

9. A due process hearing took place on September 13, 2005. Both the special education director of Friendship Edison Public Charter Schools and the 2004-2005 special education coordinator testified that the services were provided in an inclusion setting. The special education director also stated that the contact forms documenting the services were faxed to parent's counsel.

10. Edison witnesses testified that the student's services were provided by an independent contractor who no longer worked with Edison. The service providers took the contact forms with them when they completed their contractual obligations at the end of the 2004-2005 school year. On March 1, 2005, the MDT team at Edison convened. The team developed a student evaluation plan and increased the student's specialized instruction hours.

11. The only witness called by the parent was the student D.W. Under cross-examination, the student stated he did not know the difference between inclusion services and services provided in a combination setting.

12. The hearing officer issued is determination on September 28, 2005, finding that Edison did not provide the required services to D.W. He ordered Edison to convene a MDT meeting to discuss compensatory education

13. He based his findings on the fact that Edison could not produce the "best

evidence" which he considered to be the encounter data tracking firms.  His Determination also seemed to rely solely on the student's testimony rather than other evidence presented at the due process hearing.

## COUNT I

14.    Plaintiff repeats and realleges paragraphs 1 - 13

15.    The Hearing Officer exceeded his authority by requiring Edison to produce the contact sheets for the services provided in order to meet its burden of proof.  The hearing officer referred to the contact sheets as the "best evidence" but the regulations do not require the school to keep contact forms for services provided.  Furthermore, these contact sheets were actually faxed to opposing counsel.  At no point prior to the due process hearing did parent's counsel complain about not receiving the contact sheets.

## COUNT II

16.    Plaintiff repeats and realleges paragraphs 1 - 13.

17.    The hearing officer erred in failing to take into consideration that the student's special education services were provided by independent contractors.  Since the service providers fulfilled their contractual obligations to the school, they took their service logs for their own records.  Furthermore, this student was no longer attending Edison by the end of the school year, so there did not appear to be a need to copy the services logs after they were already provided to parent's counsel.

## **COUNT III**

18. Plaintiff repeats and realleges paragraphs 1 - 13.

19. The hearing officer erred when he relied solely on the testimony of the student in his determination. Edison provided testimony of two people who supervised and were familiar with the services provided to D.W. These services were provided in an inclusion setting, so the student was not pulled from class when he received his services. The student also testified. He stated that he did not know the difference between inclusion services and services provided in a combination setting. Because the student did not understand the setting in which the services occurred, the hearing officer erred in giving any weight to his testimony.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

2. Order that the September 28, 2005, Hearing Officer's Decision be reversed, finding no denial of a free, appropriate, public education by Friendship Edison PCS, and;

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/
_____
Paul S. Dalton, Esq.
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (O)
(703) 739-2323 (F)