**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC<br>CHARTER SCHOOL<br>COLLEGIATE CAMPUS<br><br>    Plaintiff<br><br>    v.<br><br>MARIAN MURPHY, as next friend<br>of the minor child, D.W.<br>and<br>D.W., individually<br><br>AND<br><br>THE GOVERNMENT OF THE DISTRICT<br>OF COLUMBIA<br><br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: **CIVIL ACTION NO. 05-2109 (RMU)**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COMES NOW, the plaintiff, Friendship Edison Public Charter School ("Edison"), by counsel, and respectfully moves the Court to deny defendant District of Columbia's Motion to Dismiss.

**INTRODUCTION AND SUMMARY OF THE CASE**

This is an action by Edison to appeal the decision made by Mr. Charles R. Jones in his September 28, 2005, Hearing Officer's Determination. The hearing officer ruled that Edison denied D.W. a free appropriate public education ("FAPE") due to the absence of encounter tracking forms documenting the services provided. Edison seeks reversal of this determination.

**ARGUMENT**

**RELIEF CANNOT BE GRANTED UNLESS DCPS, THE AGENCY RESPONSIBLE FOR ENSURING COMPLIANCE WITH IDEA, IS THE NAMED DEFENDANT**

The District of Columbia argues that Edison has elected to be its own local education agency (LEA), which means it bears the responsibility of providing FAPE to its special education students. As the government states, as its own LEA Edison performs its own evaluations, writes its own IEPs and provides placement for students whose IEPs can be implemented at Edison. DCPS is invited to IEP meetings when a student need services that Edison cannot provide. DCPS also contracts with the student hearing officers and houses the Student Hearing Office, which is supposed to be independent of DCPS. DCPS is always named, either as the SEA and/or LEA, in hearing requests filed by parents of students in charter schools. In this particular case, the government is correct in stating that the allegations against Edison occurred during a period of time when Edison was acting as the LEA.

While Edison agrees with the above statements made by the government, it is important to note that in past cases filed by counsel for Edison on behalf of charter schools, the charter schools have relied on these same arguments when it only named the parent as a defendant and not DCPS. In those cases, the parent filed a motion to dismiss for failure to join a necessary party. Two unpublished district court opinions are attached to this opposition that order a charter school to join DCPS as a necessary party.

In <u>Sail v. Mena</u>, the facts were similar to this case in that the charter school was

appealing a hearing officer's determination based on violations found during the time period that the charter school acted as the LEA. Based on the same reasoning cited by the government in its current motion to dismiss, SAIL did not name DCPS as a party and the parent filed a motion to dismiss. In the opinion, the Court stated quite clearly, "Why SAIL sued the parents instead of DCPS or the District of Columbia, is a mystery." Attachment 2 at pg. 1. The Court went on to say that relief can only be granted through the District of Columbia because they are the agency ultimately responsible for providing FAPE. Pestronk v. District of Columbia, 150 F. Supp. 2d 147, 149-150 (D.D.C. 2001). The Court stated that the parent could not provide the relief requested which was to overturn a hearing officer's determination; therefore, SAIL was ordered to name DCPS.

    In another case, IDEA Public Charter School requested that a hearing officer's determination be vacated because the charter school did not receive notice of the hearing. See Attachment 3, IDEA PCS v. Gooding. In that case DCPS was acting as the SEA and IDEA PCS was the sole LEA, so IDEA PCS did not name DCPS as a party. Again this Court stated that if the Court were to find in the charter school's favor, then DCPS would have to provide the relief requested, not the parent. See Attachment 3 at 3. Consequently, IDEA PCS was ordered to join DCPS as a party even though the allegations presented in the initial due process hearing request only concerned IDEA PCS.

    In the above mentioned cases, the charter school in both cases made the same argument to this Court that the government makes in its motion. This Court has consistently held that DCPS is the agency responsible for providing FAPE and the

-3-

agency that can provide the charter school's requested relief thereby requiring that DCPS be named as a party. Given these previous orders counsel always names DCPS as a party when appealing hearing officer's determinations given that DCPS is the agency designated for ensuring compliance with IDEA, which includes overseeing the hearing process.

## **CONCLUSION**

Given that DCPS is the agency responsible for ensuring compliance with IDEA, DCPS is a necessary party. This Court, therefore, should deny defendant's Motion to Dismiss.

Respectfully Submitted,

_____/s/_____
Paul S. Dalton, Esq.
Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703)-739-4300
(703)-739-2323