UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL * * * Plaintiff * * v. * * MARIAN MURPHY, et al * * Defendants * | Civil Action No. 05-2109 (RMU) |

### DEFENDANTS' D.W. AND MARIAN MURPHY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants D.W. and Marian Murphy by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety against all Defendants. In support thereof and as explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiff's claim must be dismissed because Plaintiff has failed to state a claim upon which relief can be granted or, in the alternative, to enter summary judgment in favor of the Defendants.

Wherefore, D.W. and Marian Murphy respectfully request that this Court dismiss Plaintiff's Complaint as to all Defendants and enter judgment in their favor.

Respectfully Submitted,

_____/s/_____
Jude C. Iweanoge (DCB#493241)
1003 K Street NW, Suite 565
Washington, DC  20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: jci@iweanogesfirm.com
Attorney for Defendants

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL** | * * * | |
| Plaintiff | * * | |
| v. | * * | Civil Action No. 05-2109 (RMU) |
| **MARIAN MURPHY, et al** | * * | |
| Defendants | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' D.W. AND MARIAN MURPHY MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

### I. FACTS

Plaintiff's Complaint alleges that "[o]n June 30, 2005, parent filed a hearing request against DCPS, Edison and Ideal Charter School. The parent claimed that while the student attended Edison, Edison did not provide the services listed in student's IEP." Comp. ¶ 8. A due process hearing was held on September 13, 2005. Plaintiff alleges that the services were provided in an inclusion setting. Comp. ¶ 9. Plaintiff also alleges that the services were provided by an independent contractor who no longer worked for Edison, and that the service provider took the contact forms with them when they completed their contractual obligation at the end of the 2004-2005 school year. Comp. ¶ 10. Following the hearing the hearing officer issued a determination on September 28, 2005, finding that Edison did not provide the required services to D.W. He also ordered Edison to convene a MDT meeting to discuss compensatory education. Comp. ¶ 12.

On October 28, 2005 Plaintiff filed its Complaint, purporting the following: (1) The Hearing Officer exceeded his authority by requiring Edison to produce the contact sheets for the services provided in order to meet its burden of proof; (2) The Hearing Officer erred in failing to take into consideration that the student's special education services were provided by independent contractor; and (3) The Hearing Officer erred when he relied solely on the testimony of the student in his determination.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the Plaintiff will be unable to prove any set of facts that would justify relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). The movant is therefore entitled to judgment if there are no allegations in the complaint that, even if proven would provide a basis for recovery. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of facts, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). Id. Rather, the court need not accept inferences drawn by Plaintiff if such inferences are unsupported by the facts setout in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### III.    ARGUMENT

I.    <u>The hearing officer did not exceed his jurisdiction/authority because according to IDEA and DCMR, the hearing officer is authorized to make a decision based on the substantive evidence provided.</u>

Pursuant to §1415(f)(3)(E), "a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education." In the case *sub judice*, the Plaintiff did not present any evidence at the hearing to show that services on the student IEP were provided to the student. Since Plaintiff, who bore the burden of proof to show that the services were provided, did not present any evidence to rebut Defendant's allegations at the hearing, the Plaintiff cannot now contend that the hearing officer exceeded his authority by finding that the services were not provided.

Plaintiff's allegation that the services were provided without any evidence is utterly without merit. Although Plaintiff alleges that the services were provided by independent contractors and that the contractors have no further contractual obligations with Edison and that the contact forms were provided to plaintiff's counsel prior to the due process hearing, this argument must fail for the following significant reasons.

First, Plaintiff was well aware of the allegations in Plaintiff's due process complaint and had ample time prior to the hearing to prepare for the hearing and procure documents and/or testimony necessary for its defense, yet it failed to do so. Plaintiff's argument that the services were provided by independent contractors who no longer work for Edison is unavailing. It is pertinent to point out that any documents that relate to the education and services of a student should be part of the student's records. However, the Plaintiff now wants this court to reverse the hearing officer's decision simply because Plaintiff failed to meet its burden of proving that the services were provided to the student.

Second, Plaintiff's contention, that it previously provided the contact forms to Defendant's counsel prior to the due process hearing is noted with some interest. If the contact forms were provided to parent's counsel via facsimile prior to the hearing as loquaciously stated by Plaintiff in Paragraph 9 of its Complaint, then Plaintiff should be in possession of the original or at the very least a fax transmittal confirmation, which it would have presented at the hearing on September 13, 2005, when it was asked to do so. Since the Plaintiff did not provide the contact forms at the hearing, nor offer proof that it was ever faxed to parent's counsel, it is safe to assume that the forms were never provided to parent's counsel and the services were never provided.

Third, Plaintiff's contention that "at no point prior to the due process hearing did parent's counsel complain about not receiving the contact sheets" is unfounded. It is undisputed that if the parent's counsel, who is an officer of the court, is in possession of the contact forms, she would have known that the services were provided and would not file a frivolous complaint alleging that the services were not provided when she is possession of the contact forms evidencing the opposite. Parent's counsel has no way of knowing that Edison uses an independent contractor and that Edison is not in possession of contact forms which they had an obligation to keep. Therefore, it is illogical for Plaintiff to make the aforestated allegation in light of the fact that the due process complaint stated that the student did not receive services provided for on his IEP.

Accordingly, since the parent requested information to show that services were provided to D.W. and the plaintiff offered no proof that the services were provided, the hearing officer's decision is supported by the record and should be upheld.

II.  **The hearing officer did not err in his decision to make a decision based on disclosed documents and credible witnesses.**

Pursuant to 34 CFR §300.501, a parent has the right to examine all records pertaining to the "identification, evaluation, and educational placement of the child; and the provision of FAPE to the child." Therefore, even if the contractors were independent, they were required to provide at least a copy of the document for the student's file so the parent could have access to the records. In fact, all documents must be in the student's file so the documents would be available to the parent upon request. Therefore, plaintiff's allegation in its Complaint that the records were unavailable because the providers were independent is not totally unavailing.

Additionally, plaintiff alleges that since the student was no longer attending the school, there was no need to keep the student's records. That argument makes no sense in that all records must be made available to the parent upon request even from a previous school. As the burden of proof lies with the LEA, it was incumbent upon the plaintiff to show documented proof that the services were provided. However, that did not happen.

As stated *supra*, the fact that services were provided by an independent contractor is of no moment. Plaintiff was on notice prior to the September 13, 2005 hearing that student, through her parent was challenging the related services provided to him. Nonetheless, Plaintiff took no steps to secure the presence of the service provider at the hearing and/or procure documents relevant to the production of the services to be admitted at the hearing. As such, Plaintiff cannot reasonably argue that the hearing Officer failed to take into consideration that the services were provided by independent contractor. Even assuming *arguendo* that the services were provided by an independent contractor, absent testimony from the independent contractor and documents to show that the services were actually provided, the hearing officer was still correct in finding that the Plaintiff did not meet its burden of proof.

Therefore, the hearing officer did not make an erroneous decision; instead, plaintiff is making an erroneous allegation unsupported by law or facts. As a result, plaintiff's count 2 should be dismissed.

> III.  Plaintiff's Complaint should be dismissed in its entirety because the plaintiff has shown no evidence that as the facts lie, FEPC would have prevailed.

Plaintiff claims that two witnesses testified regarding services; however, they were not the service providers or the teachers who supposedly provided the services. During the due process hearing, the director of special education testified that only one of the teachers was certified in special education and that she knew services were provided because **she believes so**. However, no evidence was provided to support that the director or the teacher had first hand knowledge that the services were provided.

Rather than present allegations in its Complaint to show that Plaintiff is entitled to relief, Plaintiff is simply asking this Court to accept its bald assertion that services were provided to the student. Moreover, plaintiff is slyly asking this court to vacate a decision by the Hearing Officer which was based on the evidence and credibility consideration made by the hearing officer during the hearing. It is well settled in District of Columbia Circuit that Court's are not free to set aside the findings of administrative agencies, if supported by substantial evidence. Here, the evidence presented during the hearing by the student shows that she was not provided the services listed on his IEP. The Plaintiff did not present any credible evidence to rebut student's allegation that the services were not provided.

Although the plaintiff is attempting to disqualify the student as a credible witness, the student, at sixteen, did however, state the condition of the classroom and was clear as to the services he received from his teachers and the fact that he did not see his related service providers.  Therefore, whether the student knows the difference between an inclusion program or

7

not, if he did not have sessions with this related service providers, he is old enough to be able to enunciate that and he knows what teachers provided him with assistance and what teachers did not. The Hearing Officer heard testimony from the Plaintiff and Defendants and concluded that the student was more credible since he was the person that was supposed to receive the services and would know if they were provided or not. On the contrary the Hearing Officer did not find the Plaintiff's witnesses credible since they did not have direct or circumstantial evidence that the services were provided. Regardless of whether this Court would have reached a different decision, the Supreme Court has held that a Court should sustain a reasonable administrative interpretation even if the court would have reached a different result had the question initially arisen in a judicial proceeding.

Accordingly, Plaintiff's complaint should be dismissed in its entirety.

## **CONCLUSION**

**WHEREFORE**, the hearing officer's decision should be sustained because it was not erroneous but was based on documented evidence and on credible witness testimony. The hearing officer could make no other decision when the plaintiff did not prove by the preponderance of the evidence that services were provided. Therefore, this court should dismiss plaintiff's claim in its entirety, uphold the HOD and order that the Plaintiff pay Defendant's attorney fees in defending this action, and any other relief the court deems appropriate.

Respectfully Submitted,

_____/s/_____
Jude C. Iweanoge (DCB#493241)
1003 K Street NW, Suite 565
Washington, DC  20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: jci@iweanogesfirm.com