**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC <br> CHARTER SCHOOL <br> COLLEGIATE CAMPUS <br>     Plaintiff <br>        v. <br> MARIAN MURPHY, et. al. <br>     Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : CIVIL ACTION NO. 05-2109 (RMU) <br> : <br> : <br> : <br> : |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COMES NOW, the plaintiff, Friendship Edison Public Charter School ("Edison"), by counsel, and respectfully moves the Court to deny defendant Marian Murphy's Motion to Dismiss.

**INTRODUCTION AND SUMMARY OF THE CASE**

This is an action by Edison to appeal the decision made by Mr. Charles R. Jones in his September 28, 2005, Hearing Officer's Determination. The hearing officer ruled that Edison denied D.W. a free appropriate public education ("FAPE") due to the absence of encounter tracking forms documenting the services provided. Edison seeks reversal of this determination.

**STANDARD OF REVIEW**

As stated in Haynesworth v. Miller, a motion to dismiss should be granted only when it appears beyond doubt that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. 820 F.2d 1245,

1254 (D.C. Cir. 1987). Furthermore, the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. Id.  When considering a motion to dismiss the complaint is construed liberally in the plaintiff's favor, and plaintiff is granted the benefit of all inferences that can be derived from the facts alleged except bare conclusions of law or sweeping and unwarranted averments of facts. Kowal v. MCI Communications Corp.,16 F3d 1271, 1276 (D.C. Cir. 1994).

## ARGUMENT

I.  The hearing officer exceeded his authority by requiring Edison to produce the best evidence to sustain its burden.

Defendant argues that Edison failed to provide any evidence at the due process hearing that the student received special education services. Such blanket allegations are simply untrue. A review of the administrative record will show that Edison offered the testimony of two witnesses who supervised the student's special education services. Furthermore, Edison offered evidence that the student's IEP hours were increased when he enrolled at the beginning of the 2004-2005 school year from Village Learning Center. The student was then placed by DCPS in a private school. Edison also provided a fax responding to a letter from the student's advocate requesting encounter tracking forms.

The evidence presented by Edison at the due process hearing was its best evidence given the circumstances surrounding this case. The student transferred to a full-time private special education school in March of 2005. At an earlier IEP meeting there was no allegation that this student was not receiving his services. At the end of the school year the independent provider's contract was not renewed. A copy of the

student's contact sheets was not kept, especially given that this student no longer attended Edison.

The issue Edison appeals is that the hearing officer exceeded his authority by requiring evidence that the school is not required to maintain. Neither the hearing officer nor the defendant cites authority which requires the school to keep contact sheets of all special education services. Edison submitted the evidence it had in its possession given the fact the student was placed out of Edison after a full-time IEP was written. Consequently, Edison believes the evidence it presented was enough to meet its burden.

In its motion the defendant must show that the plaintiff will be unable to prove any set of facts that would justify relief. The complaint is an appeal of the administrative hearing officer's determination. Edison believes that the evidence provided at the hearing and incorporated into the administrative record is the exact set of facts which would justify relief. Given the evidence available and the circumstances surrounding the complaint, Edison believes the hearing officer erred in requiring Edison to produce evidence which by law it is not required to maintain. Defendant's motion, therefore, should be denied.

II.     The hearing officer erred in his decision by failing to take into consideration all evidence presented by Edison.

The defendant argues that there is no need to consider the circumstances surrounding the student's records. He further argues that the hearing officer made a decision based on documents and witnesses presented at the hearing. Edison maintained the records they are required to maintain as evidenced by the five-day

disclosure.  Such records include IEP's and evaluations.  As stated above, no authority has been cited which requires Edison to maintain encounter data tracking forms or sign-in sheets, especially after a student leaves the local education agency (LEA).  As stated in the complaint, Edison acts as its own LEA for special education purposes which means it acts as its own independent school district with respect to special education.  Once a student leaves the LEA the student's records may be sent back to the SEA or forwarded to his new school.  Since the student left the LEA in the middle of the school year and the parent filed a hearing request later that summer, it is not unlikely that the previous LEA would experience staff changes and be unable to maintain all of the student's records.

     Defendant also argues the fact the independent contractor no longer works at the school is of no importance.  The contractor left after the student was placed in a private school.  Edison had no way of predicting that a subsequent hearing request would accuse them of not providing services after the student left the LEA.  Simply because Edison did not have access to the tracking forms after the student left the LEA does not lead one to conclude he did not receive the services.  In fact, there was testimony and evidence presented at the administrative hearing that the records were faxed by Edison when Edison had possession of the forms.  Over the summer the school experienced a number of personnel changes and the providers did not leave copies of the student's encounter tracking forms.  Again, this set of facts does not lead one to conclude that the student never received services.

     Lastly, the defendant argues that the no service providers testified at the due process hearing.  Again, the hearing officer was made aware of the staff changes that

occurred at the end of the school year and that Edison has no authority to compel non-employees to testify.  Given this set of circumstances, two witnesses who supervised special education services at Edison testified.  Edison believes that it offered enough evidence to meet its burden and relies on the facts set out in the administrative record as the set of facts which would justify relief.  Accordingly, defendants motion dismiss should be denied.

III.   <u>Defendant's Motion to Dismiss should be denied because defendant has failed to prove there are no set of facts which can justify relief</u>.

Defendant again inaccurately argues that Edison provided no evidence at the due process hearing that the student received his special education services. The main issue presented is what evidence is necessary for the hearing officer to find that Edison met its burden.  Edison provided the testimony of two witnesses who supervised the services yet the hearing officer found that evidence insufficient because the encounter tracking forms were not provided.  Additionally, the hearing officer gave too much weight to the plaintiff's only witness, the student.  The administrative record will show that upon cross examination the student did not demonstrate sufficient knowledge of the difference between inclusion services and non-inclusion services.  Edison provides inclusive special education services in order to provide the least restrictive environment.  Once a full-time IEP was written for the student he was transferred to a different school because Edison could not meet these services.   Regardless of these facts the hearing officer still found that Edison did not meet its burden, and it is that issue Edison appeals.

Throughout its motion the defendant simply offers conclusory arguments.  This

case is not an original action in that it is based on an administrate record. There is existing evidence for the Court to consider. It is Edison's argument that the evidence presented at the administrative hearing was enough to meet its burden. Edison further argues that the hearing officer erred in requiring Edison to submit evidence that it is not required to maintain. Given the evidence already in existence and the arguments stated above, there is more than one set facts on which the plaintiff can obtain relief. Defendant's motion, therefore, should be denied.

## **CONCLUSION**

Give the evidence which is part of the administrate record and defendant's failure to prove that no set of facts exist which that would justify relief, plaintiff requests that the Motion to Dismiss be denied.

Respectfully Submitted,

_____/s/_____
Paul S. Dalton, Esq.
Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703)-739-4300
(703)-739-2323