**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

**FRIENDSHIP EDISON PUBLIC**          *
**CHARTER SCHOOL**                    *
                                      *
      **Plaintiff**              *
                                      *          **Civil Action No. 05-2109 (RMU)**
      **v.**                     *
                                      *
**MARIAN MURPHY, et al**              *
                                      *
      **Defendants**             *
_____

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS**
**MARIAN MURPHY AND D.W.'S MOTION TO DISMISS**

      Plaintiff in its Opposition proffers that "this is an action to appeal the decision made by Mr. Charles R. Jones in his September 28, 2005, Hearing Officer's Determination." However, In a review of an H.O.D., the burden of proof is always on the party challenging the administrative determination, who must "at least take on the burden of persuading the court that the Hearing Officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so." Reid v. Dist. of Columbia, 401 F.3d 516, 521 (D.C.Cir.2005) (quoting Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C.Cir.1988)).

      Plaintiff's Memorandum in Opposition to Defendants Marian Murphy and D.W.'s Motion to Dismiss is ultimately unpersuasive and therefore does not defeat Defendants' Motion.

I.     The Court Should Reject Plaintiff's Argument Regarding Best Evidence

      With respect to Defendants' argument that Plaintiff did not present any evidence to show that the student received special education services, Plaintiff argues that it offered the testimony

1

of two witnesses who supervised the student's special education services and also evidence that the student's IEP hours were increased when he enrolled at Edison at the beginning of the 2004-2005 school year. This argument is self-serving and unavailing in that the two witnesses that testified at the hearing did not have first hand knowledge that the services were in fact provided. Additionally, the fact that the student's IEP hours were increased at the beginning of the 2004-2005 school year is inconsequential since it will not help the Hearing Officer in reaching a decision whether the services were provided or not.

Edison bears the burden to prove that it provided the services yet it failed to present evidence to support its position. There is no doubt that the best way to rebut Plaintiff's assertion that the services were not provided would have been either through the contact forms or the contractors that provided the services or a witness with personal knowledge that the services were provided. Edison did not present any such evidence and continues to argue that the Hearing Officer exceeded his authority by requiring it to present the best evidence.

Although Plaintiff's Opposition is ambiguous regarding the best evidence language used by the Hearing Officer, Plaintiff appears to agree that the Hearing Officer was referring to the weight of the evidence of the contact forms rather than the best evidence rule pursuant to Fed R. Evid. 1002. By all plausible interpretations the Hearing Officer's did not exceed his authority in requiring Plaintiff to produce the contact forms in order to sustain its burden, where no other convincing evidence has been presented by the Plaintiff. The Hearing Officer has the discretion whether to require the contact forms, in light of such factors as the need for precise information, the ease or difficulty of production, and the reliability of the document. The Plaintiff has not shown that the contact forms could not be obtained from the independent contractors who must have the record as part of their business records.

Furthermore, Plaintiff contends that "neither the Hearing Officer nor the Defendant cites authority which requires the school to keep contact sheets of all special education services." Plaintiff's bald assertion is noted with some interest because Plaintiff has failed to cite to any authority that excuses it from keeping the contact sheet as part of the student records. Additionally, Plaintiff's argument that it did not keep the record because the student was no longer at the school does not excuse it from producing the documents since there was no evidence presented to suggest that the originals were sent back to the SEA, or forwarded to student's new school, or lost, or destroyed, or not obtainable. As a matter of law and policy, all records pertaining to a child's special education are supposed to be kept as part of the student's record; therefore if Plaintiff failed to keep the contact forms it would be in contravention of his duties and violation of parent's rights pursuant to 34 C.F.R §300.501. Thus, Plaintiff failed to meet its burden at the due process hearing, requiring that the instant complaint be dismissed in its entirety.

II.    The Hearing Officer Considered All The Evidence Presented By Edison At The Hearing

Briefly put without rehashing the allegations in Plaintiff's complaint, Plaintiff challenges the adequacy of the record to support the Hearing Officer's decision finding that Edison did not provide the student with services and asks this Court to reverse the determination by the Hearing Officer.

The IDEA permits "any party aggrieved by the findings and decision" rendered during administrative proceedings to "bring a civil action" in state or federal court without regard to the amount in controversy. 20 U.S.C. § 1415(i)(2); 34 C.F.R. § 300.512(b)(3). Nonetheless, the reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence,

shall grant such relief as the court determines is appropriate."20 U.S.C. § 1415(i)(2)(C); 34 C.F.R. § 300.512(b)(3). The Supreme Court has interpreted the "preponderance standard of review not to be an allowance of unfettered *de novo* review." Reid v. Dist. of Columbia, 401 F.3d 516, 521 (D.C.Cir.2005) (quoting Rowley, 458 U.S. at 206, 102 S.Ct. 3034, 73 L.Ed.2d 690). Courts must give administrative proceedings "due weight," *id.,* and "[f]actual findings from the administrative proceedings are to be considered prima facie correct." *Id.* (quoting S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 270 (3d Cir.2003)). Courts may not substitute their own views for those of the Hearing Officer, *see* Rowley, 458 U.S. at 206, 102 S.Ct. 3034, 73 L.Ed.2d 690; Shaw v. Dist. of Columbia, 238 F.Supp.2d 127, 135 (D.D.C.2002), and a court upsetting a Hearing Officer's decision "must at least explain its basis for doing so." Dist. of Columbia v. Ramirez, 377 F.Supp.2d 63, 2005 WL 1540798, at *3 (D.D.C. July 1, 2005) (quoting Kerkam, 862 F.2d at 887).

In light of the above stated authority, the Hearing Officer's factual finding should be accorded deference since it was based on sound judgment after hearing evidence and weighing the credibility of all parties and witnesses.

III.    Plaintiff's Complaint Should be Dismissed in its Entirety because it has Failed to Prove Any Set of Facts That Would Justify Relief

Finally, Plaintiff in its Opposition continues to argue the same facts, which was already considered by the Hearing Officer and found to be insufficient to sustain Plaintiff's burden. In addition, Plaintiff now argues that the Hearing Officer gave too much weight to the student's testimony. It is undisputed that the Hearing Officer has the discretion to determine what weight he will accord to any evidence presented before him. The Hearing Officer heard testimony from the two witnesses presented by Edison and from the student. Subsequently he credited the testimony of the student who had first hand knowledge that he did not receive the services and

exercised his discretion, not to accord much weight to the fuzzy testimony of the two witnesses from Edison who could not state with certainty whether the services were provided.

As stated *supra*, Courts must give administrative proceedings "due weight," and "[f]actual findings from the administrative proceedings are to be considered prima facie correct." Reid v. Dist. of Columbia, 401 F.3d at 521 (quoting S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 270 (3d Cir.2003)). Courts may not substitute their own views for those of the Hearing Officer, *see* Rowley, 458 U.S. at 206, 102 S.Ct. 3034, 73 L.Ed.2d 690; Shaw v. Dist. of Columbia, 238 F.Supp.2d 127, 135 (D.D.C.2002). In its Opposition, Plaintiff leaps directly into the pitfalls warned against by the Supreme Court, and is asking this Court to substitute its views of the evidence for those of the Hearing Officer. Plaintiff states "There is sufficient evidence for the Court to Consider. It is Edison's argument that the evidence presented at the administrative hearing was enough to meet its burden."

In sum, for the reasons set forth above and in Defendants Marian Murphy and D.W.'s Memorandum in Support of its Motion to Dismiss, the Defendants requests that the Court Dismiss Plaintiff's complaint and enter judgment in favor of the Defendants.

Respectfully Submitted,

_____/s/_____
Jude C. Iweanoge (DCB#493241)
1003 K Street NW, Suite 565
Washington, DC  20001
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: jci@iweanogesfirm.com