UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
**FRIENDSHIP EDISON PUBLIC** )
**CHARTER SCHOOL** )
**CHAMBERLAIN CAMPUS,** )
)
                **Plaintiff,** )
)
    v. )    Civil Action No. 05-2461 (RCL)
)
**EBONY SMITH, next friend of L.S. and** )
**L.S., individually,** )
)
**and** )
)
**DISTRICT OF COLUMBIA,** )
)
                **Defendants.** )
_____)

**MEMORANDUM OPINION**

        This case comes before the Court on defendant's motion [3] to dismiss, or in the alternative, for summary judgment, filed on behalf of the District of Columbia, and the plaintiff's opposition [4] thereto, filed on behalf of Friendship Edison Public Charter School, Chamberlain Campus ("Edison"). Specifically, the defendant requests that plaintiff's complaint be dismissed with respect to the District of Columbia for failure to state a claim for which relief can be granted.

        For the reasons set forth herein, the defendant's motion will be granted.

**I. FACTUAL BACKGROUND**

        In January of 2005, Ebony Smith submitted to L.S.'s teacher a written request to evaluate L.S. for eligibility to receive special education services. (Def.'s Mot. 2.) On July 18, 2005, Smith filed a request for a due process hearing, pursuant to the Individuals with Disabilities Education Act ("IDEA"), against plaintiff for failure to evaluate L.S. within 120 days. (*Id.*) She also requested

independent evaluations and compensatory education. (*Id.*)

In response to this request, plaintiff held a "resolution meeting" with Smith on August 2, 2005, where the school offered to complete the requested evaluations within thirty days and to hold an eligibility meeting for L.S., as well as, the need for compensatory education. (Pl.'s Opp'n 1.) During the resolution meeting, on the advice of counsel, Smith refused the offer to evaluate L.S., in favor of pursuing the due process hearing. (*Id.* at 2.) The due process hearing was held on September 18, 2005. (*Id.*)

At the hearing, the Independent Hearing Officer ("IHO") declined to admit into evidence notes from or testimony regarding the resolution meeting, on the ground that it was "a confidential settlement discussion." (*Id.*) On September 27, 2005, the IHO issued a determination that plaintiff had failed to timely evaluate L.S., and ordered plaintiff to pay for independent psycho-educational and speech-language evaluations arranged for by Smith. (Def.'s Mot. 2.) The IHO further authorized additional evaluations, should the psycho-educational evaluator recommend them, as well as the implementation of the appropriate services. (*Id.*)

Plaintiff appeals the IHO's determination. The District argues that this case is essentially a challenge to the administrative decision of the hearing officer (a decision over which it has no control), and therefore, the District submits that it is not a proper party to this case. (*Id.* at 3.)

## II. LEGAL STANDARDS

The defendant filed a motion to dismiss, or in the alternative, for summary judgment. (*Id.* at 1.) A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a plaintiff has properly stated a claim upon which relief can be granted. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds* by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The explicit language of Rule 8(a)(2) provides that the complaint need only contain "a short and plain statement

of the claim showing that the pleader is entitled to relief . . ." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *U.S. ex. rel. Harris v. Bernad*, 275 F. Supp. 2d 1, 5 (D.D.C. 2003). The complaint need not plead the elements of a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002) (holding that a complainant in an employment discrimination case need not plead the prima facie elements); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000).

In deciding a motion to dismiss under Rule 12(b)(6), the court is bound to consider all well-pleaded facts as true, and to draw all reasonable inferences in favor of the non-movant. *Scheuer*, 416 U.S. at 236; *Bernad*, 275 F. Supp. 2d at 5. Therefore "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley*, 355 U.S. at 45-46.

### III. DISCUSSION

The question before the Court is whether the District of Columbia is a proper party to plaintiff's appeal of the IHO's administrative decision. The defendant contends that:

> [t]he District of Columbia is not a proper party to [plaintiff's] "appeal" here of the challenged administrative decision. [Plaintiff] is responsible for complying with IDEA unless it has been found unable or unwilling to comply with the Act prior to initiation of a due process hearing request, or unless DCPS itself was involved in the actions or decisions at issue in the administrative proceedings. Also, DCPS has no control over the due process hearing officer's decisions. Finally, DCPS does not have a stake in the outcome of the litigation, and is not a necessary party to obtain the relief sought by either plaintiff or co-defendant.

(Def.'s Mot. 3.) The Court agrees with the defendant.

In a recent case analogous to the present case, Judge Collyer of this Court found that "complete relief [could] be afforded to the parties without requiring the School to join the District [of Columbia] as a defendant, and that the District's absence [would] neither impair its ability to protect its interests nor leave the remaining parties subject to inconsistent judgments." *Idea Pub.*

*Charter Sch. v. Belton*, Civ. A. No. 05-467 (RMC) (D.D.C. Mar. 15, 2006) (where a charter school appealed from an IHO decision mandating that the school perform medical evaluations of a student). This determination is based on District of Columbia Municipal Regulations, which provide that:

> [Local education agency ("LEA")] charters stand on their own under the IDEA, and are responsible for providing the free appropriate public education mandated under the IDEA. Disputes with LEA charters are presented to impartial hearing officers, independent contractors who are neither officers nor employees of the D.C. Board of Education. The District "has no authority to direct, rescind, overrule, modify, or alter the substantive decision of any hearing officer."

*Hyde Leadership Pub. Charter Sch. v. Clark*, Civ. A. No. 05-0722, 2 (D.D.C. 2006) (citing D.C. Mun. Reg. § 5-3001.1 (defining "Impartial hearing officer"); D.C. Mun. Reg. § 5-2407.4).

In the instant case, the plaintiff is seeking judicial review of an IHO decision which only affects the student, the student's parents, and the plaintiff. If the plaintiff prevails, the evaluations and services ordered by the IHO will be obviated. If the defense prevails, the plaintiff will be required to provide the ordered evaluations and services. Either way, the District of Columbia will not be affected. Accordingly, the District of Columbia is neither a proper or necessary party therefore the defendant's motion to dismiss must be granted.

## IV. CONCLUSION

For the foregoing reasons, this Court concludes that the defendant has met its burden for dismissal. Accordingly, and for the reasons stated herein, defendant's motion to dismiss will be GRANTED.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, May 5, 2006.