# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigative Division*
### CONFIDENTIAL
Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| DELONTA WILKINS,   Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth: 09-20-89 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: September 13, 2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Friendship Edison PCS | ) | |
| Respondent | ) | |
| | ) | |

### DECISION AND ORDER

| | |
|---|---|
| Parent(s): | Marian Murphy<br>5019 11th Street, N.E.<br>Washington, D.C. 20017 |
| Counsel for Parent: | Fatmata Barrie, Esq<br>1008 K Street, N.W.<br>Suite 500<br>Washington, DC 20001 |
| Counsel for LEA: | Dalton, Dalton, Esq.<br>Dalton, Dalton & Houston<br>1008 Pendleton Street<br>Alexandria, VA 22314 |
| Counsel for SEA: | Stephanie R. Moore, Attorney-Advisor<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, D.C. 20002 |

(stamp: 2005 SEP 28 PM 1:25 DC PUBLIC SCHOOL SYSTEM)

# HEARING OFFICER'S DECISION

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### State Enforcement and Investigative Division

### Special Education Due Process Hearing

## I. INTRODUCTION

On August 23, 2005, a Motion for a Continuance was granted to counsel for F.E. PCS. The initial Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Fatmata Barrie, Esq. The request alleges DCPS failed to provide appropriate special education services to the student, as required by D W's IEP.

A Due Process Hearing was reconvened on September 13, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Stephanie R. Moore, Esq., Attorney-Advisor represented DCPS. Paul S. Dalton, Esq., represented the LEA (F.E.PCS). Fatmata Barrie, Esq., represented the parent. Five- Day Disclosure Letters were entered into the record without objection of either party. On behalf of the LEA (F.E.PCS): Disclosure Letter dated September 7, 2005: Edison-01 through Edison-04. On behalf of the parent: Disclosure Letter dated August 11, 2005: DW-1 through DW-17. DCPS did not introduce a Disclosure Letter. Parent's counsel waived a formal reading of the Due Process Rights. Witnesses for DCPS- None. Witnesses for the parent: Delonta Wilkins and Marian Murphy. Witnesses for the LEA (F.E.PCS): Charlene Glymph.

## II. JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; the Individuals with Disabilities Education Improvement Act of 2004, Public Law 108-446; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III. ISSUES

Whether DCPS denied the student FAPE by failing to provide appropriate services for the student, as required by the student's IEP?

2.

### IV. SUMMARY OF RELEVANT EVIDENCE

This case involves allegations by parent's counsel that the LEA (Friendship Edison Public Charter School hereinafter "F.E.PCS) failed to provide warranted special education services required by D.W.'s IEP. According to parent's counsel, D.W.'s IEP required specific amounts of specialized instructions and psychological counseling. It is alleged F.E.PCS did not provide these special education services to DW for the 2004-2005 school years. F.E.PCS asserts and alleges that specialized instructions and related services were, in fact, provided to the student. It is further alleged that F.E.PCS offered an after-school tutoring program, which was also available to D.W.

At the commencement of the Due Process Hearing, DCPS, the SEA in this matter, entered a Motion to be dismissed, as DCPS had been a party to a previous Due Process Hearing concerning D. W. DCPS had settled all its outstanding issues. Parent's counsel did not object to the Motion. Counsel for F.E.PCS objected to the Motion stating that DCPS is a real party in interest. The Motion for Dismissal was granted. DCPS had resolved all of its outstanding issues at a Hearing on or about August 23, 2005. Counsel for F.E.PCS requested and was granted a continuance from the August 23, 2005 hearing date, which resulted in this present hearing. Additionally, the student was enrolled at F.E.PCS during the relevant period of time.

### V. FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1. D.W. is a sixteen- (16) old District of Columbia resident and a student who attended the F.E.PCS during the 2004-2005 school years.

2. D.W. is eligible for special education and related services. His most recent IEP dated April 22, 2004 indicates that his disability classification is learning disabled (LD).

3. D.W.'s IEP recommended and required six- (6) hours of specialized instructions and thirty- (30) minutes of psychological counseling. DW was to receive these services in a combination setting of general education and special education classes.

4.  Charlene Glymph, Director of Special Education at F. E. PCS, testified and concluded that F.E.PCS did provide appropriate amounts of specialized instructions and related services to D.W. She had not observed the performance of the services.

5.  F.E.PCS did not have any encounter tracking forms to verify that the related services had been performed.

6.  Charlene Glymph explained that an outside consultant/contactor was the service provider who performed the related services. The contractor was terminated and the encounter tracking forms were not provided to F.E. PCS. However, prior to the dismissal, Ms. Glymph further explained that F.E.PCS had faxed a copy of the encounter tracking forms to the office of parent's counsel. Parent's counsel denied the receipt of a facsimile that included encounter tracking forms.

7.  The Special Education Director at F.E.PCS indicated that specialized instructions were provided within an inclusion setting to D.W. The service provider did not testify.

8.  D.W. testified and concluded that he did not receive any specialized instructions or related services at F.E.PCS. D.W. testified that he only received special education services once or twice. The student was a very credible witness.

## VI. DECISION AND CONCLUSION OF LAW

In this case, the local education agency (LEA) F.E.PCS did not sustain its burden of proof. The fundamental issue in this matter is whether F.E.PCS provided D.W. with appropriate amounts of specialized instructions and related services. A preponderance of the evidence supports the parent's contention that F.E.PCS failed to provide warranted special education services. Of telling significance in this matter is the absence of encounter tracking forms, which verify the performance of related services and the best evidence to support the performance of services. Here, in this instance, the LEA official explained that an outside contractor performed the services, but the contractor failed to leave encounter tracking forms after being dismissed by the LEA.

4.

To support this position, it is alleged that a copy of the encounter tracking forms had been provided to parent's counsel via a facsimile, but a copy of the form had not been retained by F.E.PCS. Parent's counsel denied receiving a copy of any encounter tracking forms via facsimile. Notwithstanding this set of events, the testimony of the petitioner, D.W., was clear, credible and probative. The student unequivocally declared he had only received special education services once or twice at F.E. PCS since his enrollment. Under this set of circumstances, the LEA has failed to provide a free appropriate public education (FAPE).

Based upon the foregoing, IT IS HEREBY ORDERED:

1) Petitioner's request for relief is GRANTED.

2) Petitioner is the prevailing party.

3) The LEA shall, within fifteen- (15) school days of the issuance of the HOD, convene a MDT meeting to develop an appropriate compensatory education plan for D. W. to compensate for missed services for a period of seven months including specialized instructions and related services. Parent's counsel shall submit a Plan to the team.

4) In the event an agreed upon Plan cannot be developed. Parent's counsel and F.E.PCS counsel shall submit a Plan to the Hearing Officer and a determination shall be made on the appropriate amount of hours, form and format.

5) All communications and notices shall be sent through the parent's counsel.

6) Any delay in the above time frames caused by the parent or parent's counsel shall result in an extension of one day for each day of delay.

5.

## VII.    APPEAL PROCESS

This is the FINAL ADMINISTRATIVE DECISION. Appeals may be made to a court of competent jurisdiction within thirty- (30) days from the date this decision was issued.

_____          Date Filed: 09-28-05
Charles R. Jones, Esq., Hearing Officer

Date Issued: 9/28/2005

6.