UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL COLLEGIATE CAMPUS, | : : : : | |
| Plaintiff, | : : | Civil Action No.:   05-2109 (RMU) |
| v. | : : | Document No.:   4 |
| MARIAN MURPHY, next friend of minor child, D.W., | : : : | |
| and | : : | |
| DISTRICT OF COLUMBIA, | : : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT D.C.'S MOTION TO DISMISS**

**I.   INTRODUCTION**

The plaintiff, Friendship Edison Public Charter School ("Edison"), brings this action against the defendants, the District of Columbia ("D.C." or "the district"), Marian Murphy, and her child, D.W., seeking to reverse the hearing officer's decision ("HOD") that the plaintiff failed to provide D.W. with a free appropriate public education ("FAPE") as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. D.C.[1] moves to dismiss, arguing that it is not a proper party to this litigation.

Because the district was not involved in the administrative proceedings that the plaintiff challenges in this case, because it is not responsible for ensuring the plaintiff's compliance with

---

[1]   Defendant D.C. operates the District of Columbia Public School System ("DCPS").

the IDEA, and because it cannot provide the relief the plaintiff seeks, the court grants D.C.'s motion to dismiss.

## II.   BACKGROUND

### A.   Factual History

Plaintiff Edison is a D.C. public charter school that has elected to be its own local education agency ("LEA")[2] under the IDEA. Compl. ¶¶ 1-2. For a public charter school acting as its own LEA, DCPS is the State Education Agency ("SEA") for the purposes of the IDEA. D.C. Mun. Regs. 5, §§ 3019.9. The SEA typically oversees a school's compliance with the IDEA. *Id.* at § 3019.11. But, as an LEA, the plaintiff is responsible for ensuring its own compliance with IDEA, *id.* at §§ 3019.3, 3019.8, unless it notifies the SEA that it is unwilling or unable to provide a FAPE to a child, *id.* at §§ 3019.9, 3019.11. When an LEA is unwilling or unable to provide a student a FAPE, the SEA assumes responsibility for providing services to that student. *Id.*

Defendants Marian Murphy and her sixteen-year old child, D.W., are residents of the District of Columbia. Compl. ¶ 3. D.W. is a student with a learning disability, eligible to receive specialized education services pursuant to the IDEA. *Id.* ¶¶ 5-6. Defendant D.W. attended Edison during the 2004-2005 school year, Compl. ¶ 5, and his individualized education program

---

[2] District of Columbia law provides that a public charter school may elect to be treated as a local education agency ("LEA") or a District of Columbia public school ("District Charter") for the purposes of the IDEA. D.C. Official Code §38-1802.10(c) (2001).

("IEP")[3] directed that he receive six hours of specialized instructions and thirty minutes of psychological counseling per week in a combination setting of general and special classes, Admin. R. Ex. 3 ("HOD") at 3.

On June 30, 2005, defendant Marian Murphy requested a due process hearing, maintaining that the plaintiff failed to provide D.W. with the services listed in his IEP while D.W. attended Edison. *Id.* ¶ 8. At the September 13, 2005 due process hearing, the hearing officer dismissed D.C. from the proceedings. Hearing Officer's Decision ("HOD") at 3.

### B.   Procedural History

On October 28, 2005, the plaintiff filed suit seeking to reverse the HOD. Compl. at 5. On November 23, 2005, D.C. filed a motion to dismiss on the grounds that it is not a proper party to this case. D.C.'s Mot. to Dismiss ("D.C.'s Mot.") at 1. The plaintiff opposes the defendant's motion, alleging that DCPS (as a surrogate of defendant D.C.) is the agency responsible for ensuring compliance with IDEA, and that the court cannot grant the requested relief unless D.C. is named a defendant. Pl.'s Opp'n to D.C.'s Mot. ("Pl.'s Opp'n"). The court now turns to D.C.'s motion.

---

[3]   An Individualized Education Program ("IEP") "sets forth the child's educational level, performance, and goals," and "is the governing document for all educational decisions concerning the child." *Bd. of Educ. of Cmty High Sch. Dist. No. 218 v. Ill. State Bd. of Educ.*, 103 F.3d 545, 546 (7th Cir. 1996); see also *Spilsbury v. Dist. of Columbia*, 307 F. Supp. 2d 22, 25 (D.D.C. 2004) (stating that the IDEA requires that an IEP "include a statement of needs, services, learning aids, and programs that should be made available to the student"). Once the IEP team develops the IEP, the school system must provide an appropriate educational placement that comports with the IEP. *Spilsbury*, 307 F. Supp. 2d at 25.

### III.  ANALYSIS

#### A.  Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292

F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B.    The Court Grants the D.C.'s Motion to Dismiss

D.C. contends that it is not a proper party because the plaintiff, as an LEA, is responsible for its own compliance with the IDEA.  D.C.'s Mot. at 4, 8.  Stated differently, the defendant argues that it was not involved in the processes giving rise to the administrative decision at issue.  In addition, the district argues that DCPS has no control over the hearing officer's decisions, cannot provide any relief should Edison prevail in the litigation, and has no stake in the outcome of the litigation.  *Id.* at 4-5.  The plaintiff counters that DCPS is the government agency responsible for ensuring compliance with the IDEA, and the court cannot grant the requested relief unless D.C. is named as a defendant.  *See generally* Compl.; Pl.'s Opp'n.

The plaintiff first contends that DCPS is responsible for ensuring compliance with the IDEA.  Pl.'s Opp'n at 2-3.  As an LEA charter, however, the plaintiff, not D.C., is required to provide special education to the disabled children enrolled at its facilities.  D.C. Mun. Regs. 5, §§ 3019.3, 3019.8.  The plaintiff is only excused from this responsibility if it previously indicated to DCPS that it needed assistance in providing a FAPE to D.W., and if DCPS agreed to assume responsibility for D.W.  *Id.* §§ 3019.9, 3019.11.  The record does not indicate, and the plaintiff does not argue, that it notified the defendant that it was unwilling or unable to provide a FAPE to D.W.  Absent any such indication to the contrary, the court concludes that the plaintiff retained responsibility for providing a FAPE to D.W. pursuant to the IDEA.  *Judicial Watch of Fl., Inc. v. Dept. of Justice*, 102 F. Supp. 2d 6, 18 (D.D.C. 2000) (stating that the court's role is not to decide

hypothetical cases but to rule on the record before the court); *Hyde Leadership Pub. Charter Sch. v. Clark*, 424 F. Supp. 2d 58, 59 (D.D.C. 2006) (holding that LEAs stand on their own for providing FAPE to children with disabilities on their facilities and granting D.C.'s motion to dismiss on the basis that it was not a proper party).

      The plaintiff next contends that the district is a necessary party because it alone could overturn the HOD and provide another due process hearing. Pl.'s Opp'n at 3. But, the hearing officer is an independent agent, not a D.C. employee. *IDEA Public Charter Sch. v. Belton*, 2006 WL 667072, *3 (D.D.C. Mar. 15, 2006) (stating that "[h]earing officers are independent contractors who are neither officers nor employees of the D.C. Board of education"). In addition, the defendant "ha[s] no authority to direct, rescind, overrule, modify, or alter the substantive decision of any hearing officer." *Friendship Edison Pub. Charter Sch. v. Smith*, 429 F. Supp. 2d 195 (D.D.C. 2006); *Hyde Leadership Pub. Charter Sch.*, 424 F. Supp. 2d at 58 (citing D.C. Mun. Reg. 5, § 2407.4).

      Indeed, D.C. cannot provide the relief the plaintiff seeks because the present dispute affects only the plaintiff and defendants Murphy and D.W. Without ruling on the merits of the parties' positions, the court notes that if the plaintiff were to prevail, the court would remand the matter to the hearing officer for rehearing. *See Serpas v. Dist. of Columbia*, 2005 WL 3211604, *6 (D.D.C. October 28, 2005) (remanding the case to a hearing officer when the hearing officer failed to make a finding as to the plaintiff's right to reimbursement) (citing *Goldstrom v. Dist. of Columbia*, 319 F. Supp. 2d 5, 9 (D.D.C. 2004); *Armstrong v. Dist. of Columbia*, 2005 WL 433448, at *3 (D.D.C. 2005)). The hearing officer would remain obligated to apply the requirements of IDEA in a neutral and impartial manner. D.C. Mun. Reg. 5, §§ 2406, 3001.1. In

these circumstances, the plaintiff could achieve complete relief without D.C. as a party. *Belton*, 2006 WL 667072 at *5. Because DCPS did not assume responsibility for D.W., and because DCPS can provide no relief to the plaintiffs, D.C. is not a proper party in this action. Accordingly, the court grants D.C.'s motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, the court grants D.C.'s motion to dismiss. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of September, 2006.

RICARDO M. URBINA  
United States District Judge